**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA,**

v.                                                  Case No. 5:07cr7/RS/CJK
                                                            5:10cv91/RS/CJK

**ARTHUR WILLIAMS, JR.,**
    **Defendant**.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 190).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  Having conducted a careful review of the record and the arguments presented, the court concludes that the motion should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On February 6, 2007, Arthur Williams Jr., and co-defendant Perry Leonard Johnson were charged in a two-count indictment with (1) conspiracy to distribute more than 50 grams of a cocaine-based substance and (2) distribution of more than 50 grams of a cocaine-based substance.  The government filed a notice of intent to seek an enhanced sentence for defendant Williams, based on his prior criminal convictions. (Doc. 43)  The enhanced sentence included a mandatory minimum term of life imprisonment, a fine of up to $8,000,000, a minimum ten-year term of

supervisory release, a $100 Special Monetary Assessment, and forfeiture of all forfeitable assets. (Doc. 43)

On March 28, 2007, pursuant to a signed, written plea and cooperation agreement (doc. 45), Arthur Williams, Jr., entered a guilty plea to conspiracy to distribute and possess with intent to distribute more than 50 grams of a cocaine-based substance, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(3), and 21 U.S.C. § 841(b)(1)(C), all in violation of 21 U.S.C. § 846. The government agreed to dismiss Count II of the indictment. (Doc. 112, 2) The plea agreement includes the following language:

> a. ARTHUR WILLIAMS, Jr. will plead guilty to Count One of the Indictment. Defendant faces a mandatory minimum term of life imprisonment, a fine of up to $8,000,000, a minimum ten year term of supervisory release, a $100 Special Monetary Assessment, and forfeiture of all forfeitable assets, as addressed in part 5. . . . ARTHUR WILLIAMS, Jr. admits that he has at least two prior felony drug convictions, as set out in the government's Information and Notice of Intent (to seek enhanced sentence).
>
> e. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentences and any statutory mandatory minimum sentence. **Absent a substantial assistance motion, the Court will be required to sentence defendant to life imprisonment.**

(Doc. 45, 1-2) (emphasis added).

At the plea hearing, the court placed defendant under oath and engaged him in a lengthy plea colloquy. (Doc. 112) Defendant affirmed that he was 41 years old,

had 12 years of education, and could read and write. (Doc. 112, 3) Williams swore he understood the rights he relinquished by pleading guilty, that he could not withdraw his guilty plea, and may or may not be able to appeal his sentence. (Doc. 112, 4-7) The court cautioned defendant that the government sought an enhanced penalty of life in prison. (Doc. 112, 9-10) Williams agreed to the facts underlying the charge against him, that the maximum sentence was a mandatory life sentence, and affirmed that he read, signed, and had opportunity to discuss the plea agreement with his attorney. (Doc. 112, 9-11) Defendant affirmed that he did not have any questions regarding the plea agreement, that the agreement represented the whole agreement with the government, that there were no secret or undisclosed promises made to him that were not written in the agreement, that no one had made any outside promises to induce him to plead guilty, and that no one had threatened him or used force or intimidation to induce his plea. (Doc. 112, 11-12) Williams confirmed that he was pleading guilty of his own free will because he was guilty as to Count I, that he had adequate time to discuss the case with his attorney, and that he was satisfied with the advice received. (Doc. 112, 4, 7-12) Additionally, defense counsel confirmed that she had adequate time to talk with her client about the case. Defense counsel also assured the court that defendant's plea was freely and voluntarily made and that, insofar as she knew, no assurances, promises, or understandings had been made to defendant about the disposition of the case which were different than what was discussed on the record. The government gave its assurances as to the above as well. (Doc. 112, 13)

  At the conclusion of the plea colloquy, the court found Williams was alert and intelligent, understood the charges against him, appreciated the consequences of

pleading guilty, was fully competent and capable of entering into an informed plea, that the decision to plead guilty was free and voluntary, and that he had the advice of a competent lawyer with whom he was satisfied. (Doc.112, 14) The court then accepted the plea and adjudicated defendant guilty on Count I of the indictment.

At a sentencing hearing conducted June 13, 2007, defendant admitted to the prior convictions noted on the government's Information and Notice of Intent. (Doc. 113, 9-10) Accordingly, the court sentenced defendant to a term of life imprisonment, a $100 Special Monetary Assessment, and upon release from prison a ten-year term of supervisory release. (Doc. 113, 18) On May 21, 2008, defendant filed a Motion for Belated Appeal and Appointment of Counsel. (Doc. 106) The court granted the Motion for Appointment of Counsel on June 19, 2008. (Doc. 107) Following an evidentiary hearing on November 12, 2008, the court granted the Motion for Belated Appeal (doc. 129), and defendant was re-sentenced to the same terms on December 15, 2008, solely for the purpose of restarting the time for filing a notice of appeal. (Doc. 138) Defendant filed a Motion to Withdraw Plea on December 12, 2008 (doc. 135), which the court denied as moot. (Doc. 136)

On appeal, the Eleventh Circuit Court of Appeals held that the District Court did not err by failing to inform Williams that he would not have the right to appeal a refusal by the government to file a substantial assistance motion. The appellate court explained that such fact is not one of the enumerated consequences of a guilty plea that must be addressed pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Doc. 183-2, 4) Significantly, the court noted that Williams conceded his plea agreement expressly states he was facing a mandatory minimum life sentence unless the government filed, at its discretion, a substantial assistance motion. (Doc.

183-2, 2) Williams has now filed a petition pursuant to 28 U.S.C. § 2255, asserting that his guilty plea was not voluntarily and intelligently entered. Defendant also claims the plea colloquy violated Rule 11 of the Federal Rules of Criminal Procedure.

## ANALYSIS

A prisoner under federal sentence may seek relief pursuant to § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*, 837 F.3d 965, 966 (11th Cir. 1988) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).

"Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Id.* "A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). "Further, a § 2255 movant cannot argue as the causal basis for his failure to advance an argument on direct appeal that the argument only became known to the movant due to subsequent developments in

the law." *Castro v. United States*, 248 F. Supp. 2d 1170, 1174 (S.D. Fla. 2003) (citing *McCoy*, 266 F.3d at 1258).

Williams now alleges ineffective assistance of counsel, claiming trial counsel mistakenly misinformed him that the court had the discretion to sentence him to a term less than life. Defendant asserts counsel promised that he would receive a 10-20 year sentence by pleading guilty, adding that counsel misled him to believe that at the plea hearing "the mentioning of anything in reference to life in the guilty plea was a merely [sic] formality." (Doc. 218, 2) Defendant also contends counsel never advised him that the life term was a mandatory minimum sentence, and that counsel never explained that acceptance of responsibility would have no actual mitigating effect on the sentence. (Doc. 190, 16) Williams asserts ultimately he would not have entered the plea and would have instead insisted on going to trial, had counsel told him that the life sentence was mandated by statute. (Doc. 190, 12)

In response, the government claims that the plea and sentencing proceedings, as well as the signed plea agreement, clearly demonstrate that defendant's plea was voluntarily and intelligently given. (Doc. 200, 2) The government acknowledges that when he entered the plea, Williams had hoped that through cooperation with the government he would earn a lesser sentence. As noted on the record, however, the government later determined Williams could not assist in other prosecutions because he was not a credible witness. Accordingly, the government declined to file a substantial assistance motion. (Docs. 113; 200, 3)

"A petitioner is entitled to an evidentiary hearing if he alleges facts which, if true, would warrant habeas relief." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). A petitioner is not entitled to an evidentiary hearing, however, "when his

claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (holding that an evidentiary hearing need not be conducted "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"); *Holmes v. United States*, 876 F.2d 1545, 1552-53 (11th Cir. 1989) (providing that a hearing is not required where the claims are "based on unsupported generalizations . . . [or] affirmatively contradicted by the record").

"In addition, when considering whether an evidentiary hearing should be held on habeas claims based on occurrences outside the record, 'no hearing is required if the allegations viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Tejada*, 941 F.2d at 1559 (quoting *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.1989)). An evidentiary hearing is not necessary, moreover, when the defendant claims he relied on his lawyer's assurances regarding the sentence he was to receive, and his sworn responses to the court during the guilty plea hearing refute that "unexpressed reliance on his attorney's speculation." *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.10 (11th Cir. 1987) ("Unless there is evidence in the record which indicates that the attorney created a false impression of the binding nature of the plea agreement, a court must reasonably rely on the Rule 11 colloquy and the signed plea agreement for the proposition that the defendant understood the agreement was non-binding."); *United States v. Oliver*, 316 F. App'x 877, 879 (11th Cir. 2008).

Case No: 5:07cr7/RS/CJK

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), which establishes a two-pronged test for collateral review. *See Grossman v. McDonough,* 466 F.3d 1325, 1344 (11th Cir. 2006). The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief will be denied. *See Strickland,* 466 U.S. at 687. When a defendant cannot satisfy one prong, the court need not address the other. *See Davis v. United States*, 335 F. App'x 825, 826 (11th Cir. 2009). Williams, therefore, has the burden to show deficient performance—that his attorney's representation fell below an "objective standard of reasonableness"—and prejudice—that "there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *See Hill*, 474 U.S. at 57-58. "When reviewing whether an attorney is ineffective, courts 'should always presume strongly that counsel's performance was reasonable and adequate.'" *Rodgers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (quoting *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir. 1992)). "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Id.*

Defendant avers that counsel's performance was deficient because counsel misled him as to the length of the sentence. The record, however, firmly contradicts this claim. Defendant affirmed under oath that he read, signed, and had an opportunity to discuss the plea agreement with his attorney. (Doc. 112, 9-11) Defendant swore that he had no questions regarding the plea agreement, that the plea agreement represented the entire agreement with the government, that no secret or

undisclosed promises had been made to him beyond the terms of the agreement, that no one had made any promise to him, other than what was written in the agreement, to induce him to plead guilty, and that no one had threatened him or used force or intimidation to induce his plea. (Doc. 112, 11-12) Significantly, defense counsel confirmed in open court that Williams's plea was freely and voluntarily made and that no assurances, promises, or understandings about the disposition of the case, different from the ones the court had discussed with defendant as a matter of record, had been provided. (Doc. 112, 13) Because the record refutes defendant's claims that counsel promised him a result beyond the plea agreement or that the plea was anything other than free and voluntary, defendant cannot establish deficient performance. *See United States v. Cao*, No. 3:05cr99/LAC, 2010 WL 5092260, *10 (N.D. Fla. Nov. 12, 2010) ("[A] defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings."); *Mitchell v. United States*, No. 8:07-cv-1066-T30MA, 2009 WL 1444408, *1 (M.D. Fla. May 21, 2009) (noting that a District Court must "place great emphasis on the transcript of the plea colloquy" when considering a defendant's claim that trial counsel was ineffective for misadvising him regarding the length of potential sentence and thereby inducing him to plead guilty (citing *Slicker v. Wainwright*, 809 F.2d 768, 770 n.4 (11th Cir. 1987))) .

Assuming, moreover, that trial counsel did indeed render a good faith misjudgment as to defendant's sentence length, such a misrepresentation does not support a finding of deficient performance. *See United States v. Pease*, 240 F.3d 938, 941-42 (11th Cir. 2001), *cert. denied*, 534 U.S. 967 (2001) (denying ineffective assistance of counsel claim based upon counsel's misrepresentation of sentence and

noting that court transcript reflected judge informed petitioner that "he could not rely on his counsel's prediction of his sentence"); *Harris v. United States*, 769 F.2d 718, 720 n.1 (11th Cir. 1985) (recalling that where "appellant clearly underst[ands] the potential consequences of his guilty plea, the fact that trial counsel erroneously predict[s] the time actually to be served under a sentence imposed on that plea d[oes] not render the plea involuntary"). Because the record contradicts defendant's claim of deficient performance, Williams's § 2255 motion cannot succeed on the grounds of ineffective assistance of counsel and is due to be denied without an evidentiary hearing. *See* 28 U.S.C. § 2255(b) (denying the need for an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

Defendant also asserts that the District Court did not comply sufficiently with Federal Rule of Criminal Procedure 11(b)(1)(I), claiming the District Judge failed to advise Williams that the minimum mandatory sentence was life imprisonment. As a result, defendant contends, the ensuing plea was not freely and voluntarily entered. "Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1). "During this address, the court must inform the defendant of, and determine that the defendant understands . . . any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(I). The transcript of the plea hearing corroborates defendant's primary factual contention that the court did not specifically state that the *minimum* sentence was life:

> THE COURT: All right, let's talk now about the maximum sentence that could be imposed on Count 1. And you understand that the government has filed a notice that it intends to seek an enhanced

sentence based upon your prior felony drug conviction? You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now the maximum sentence that could be imposed – it's an enhanced sentence because of your prior felony drug convictions – is a mandatory term of life imprisonment without release, a term of supervisory release of at least ten years, a fine of $8,000,000, a special monetary assessment of $100, forfeiture of all forfeitable assets and restitution, as appropriate. You understand that is the maximum possible sentence?

THE DEFENDANT: Yes, sir.

(Doc. 112, 9-10)

The colloquy is, frankly, problematic. Williams was told about a "mandatory" maximum sentence of life, but also about a (seemingly contradictory) term of supervised release that would follow such a sentence. The term "mandatory minimum" did not appear in the colloquy. Nevertheless, defendant's claim is not cognizable under § 2255. Federal Rule of Criminal Procedure 11 requires the trial court to personally inform the defendant of certain specified rights and possible consequences before accepting a guilty plea. *See* Fed. R. Crim. P. 11(b) (providing that a court, before accepting a plea of guilty, must determine that a defendant personally understands "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term"). "When accepting a guilty plea, a district court must address three core concerns which underlie Rule 11: '(1) the guilty plea must be free of coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know the

consequences of his plea.'" *Holmes*, 876 F.2d at 1548 (quoting *United States v. Bell*, 776 F.2d 965, 968 (11th Cir.1985)). Significantly, the Eleventh Circuit has held that "where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with." *See United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998).

Collateral relief is available for violations of Rule 11 only when the infraction is a "fundamental defect which inherently results in a complete miscarriage of justice" or is an "omission inconsistent with the rudimentary demands of fair procedure." *Downs-Morgan v. United States*, 765 F.2d 1534, 1537 (11th Cir. 1985) (citing *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979)); *Fleming v. Davis*, No. 8:04-cv-1292-T-24TBM, 2006 WL 3784679, *4 (M.D. Fla. Dec. 21, 2006) (affirming that "[c]ollateral relief is not available when all that is shown is a failure to comply with the formal requirements of a rule governing the taking of guilty pleas"). In other words, a defendant seeking relief under § 2255 must establish that the failure of the District Court to formally comply with the strictures of Rule 11 prejudiced him. *See Timmreck*, 441 U.S. at 785 (deciding "'only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements'" of Rule 11) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)); *Lilly v. United States*, 792 F.2d 1541, 1544 (11th Cir. 1986) ("'[W]hen a collateral attack is made on a guilty plea for failure of the district court to literally comply with new Rule 11, the defendant must show prejudice in order to qualify for § 2255 relief.'" (quoting *Keel v. United States*, 585 F.2d 110, 113 (5th Cir. 1978) (en banc))); *see also Holmes*, 876

F.2d at 1549 ("Collateral relief under section 2255 is not available to a defendant who can show only a court's failure to comply with the formal requirements of Rule 11.").

Assuming a technical violation of Rule 11 occurred, defendant cannot demonstrate that the violation prejudiced him. The signed Plea and Cooperation Agreement (doc. 45), as well as defendant's statements regarding that agreement, show that Williams was aware the minimum mandatory penalty was life in prison. The Eleventh Circuit has "consistently considered written plea agreements to be part of the record of the Rule 11 hearing." *Jones*, 143 F.3d at 1420. Because the trial court specifically referenced the signed, written plea agreement, which describes the mandatory minimum sentence, the core principle that the defendant be aware of the consequences of his plea was complied with and the defendant's substantial rights were not violated. *See id.*; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 ("'[J]ust as there are many fair trials but few perfect ones, so flaws are also to be expected in Rule 11 proceedings.'" (quoting *United States v. Raineri*, 42 F.3d 36, 45 (1st Cir. 1994))). Because Williams has failed to demonstrate that the technical Rule 11 violation was unconstitutional, so fundamentally defective as to result in a complete miscarriage of justice, or inconsistent with the basic demands of fair procedure, collateral relief under § 2255 is not available. *See Timmreck*, 441 U.S. at 783-84.

The undersigned is further persuaded by defendant's posture on the earlier appeal that he was aware of the consequences of his plea. Williams conceded that his plea agreement, failing the government's decision to file a substantial assistance motion, provides for a mandatory minimum life sentence. The entire premise of the point on appeal was that Williams believed he somehow could challenge the

government's refusal to file a substantial assistance motion. In order to advance this point, Williams logically had to concede he was facing life.

As an independent basis for denial, the undersigned observes that defendant's Rule 11 challenge faces an insurmountable procedural bar. This ground of error was as apparent the moment it transpired as it would ever be. Having failed to raise the Rule 11 issue on direct appeal, defendant forfeited his right to do so on collateral review. *See Mills*, 36 F.3d at 1055 (holding that an available ground of error, which becomes "available" when "its merits can be reviewed without further factual development," must be advanced on direct appeal, lest it be considered procedurally barred in a subsequent § 2255 proceeding). Here, defendant, in effect, waived the Rule 11 challenge by acknowledging on direct appeal that he actually knew of the impending life sentence, absent a substantial assistance motion by the government.

Accordingly, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 190) be DENIED.

At Pensacola, Florida, this 5th day of October, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).